Law Office of Jeffrey S. Niesen
Jeffrey S. Niesen
1411 W. Pinehill Road
Spokane, Washington  99218
Tel: 509 467-8306
Facsimile: 509–467-9205

Counsel for Defendant
ISSAC SHANE SPRAUER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA                    Case No.  CR 07-024 –WFN

           Plaintiff,

                                            **DEFENDANT'S SENTENCING**
                      vs.                   **MEMORANDUM**

ISSAC SHANE SPRAUER

           Defendant.

_____/

        Comes now defendant ISSAC SHANE SPRAUER, by and through his attorney

Jeffrey S. Niesen, to present for the Court's consideration the Defendant's sentencing

Memorandum.


                              **Introduction**

        Mr. Sprauer is before the court for a re-sentencing as mandated by the Ninth Circuit

Court of Appeals arising from his plea of guilty to being a felon in possession of ammunition, a

violation of 18 U.S.C. § 922(g)(1), a Class C felony.


                         **Criteria for Sentencing**

        With the Supreme Court's decision in *United States v. Booker* and *United States v.*

*Fanfan, 125 S. Ct. 738 (2005),* the landscape for sentencing a federal criminal defendant

Defendant's Sentencing Memorandum        1

changed.  Whereas previously in fashioning a sentence the Court was bound by the mandatory provisions of the Federal Sentencing Guidelines, the *Booker* and *Fanfan* decisions made it clear that the Guidelines were advisory only.  While the guidelines were to be considered and given weight, it was just one of a number of factors the Court was to consider in deciding an appropriate sentence in accordance with 18 U.S.C. 3553.  The ultimate test taking all of the facts and circumstances into account is whether the sentence imposed is reasonable.

In *United States v. Carty, 520 F.3d 984 (en banc) (9th Cir 2008),* the Ninth Circuit reviewed the three *post-Booker* Supreme Court opinions in order to clarify the requirements for the district court's determination of a "reasonable sentence" within the circuit.  The *Carty* court echoed the Supreme Court's dictate that "[a]ll sentencing proceedings are to begin by determining the applicable Guideline range." *Id. 991.*  The other factors being those criteria set forth in 18 U.S.C. Sec. 3553(a).  The overarching statutory goal is for the district court to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public and provide the defendant with training, medical care and correctional treatment*. Id.*

The sentencing court is also directed to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the types of sentences available, unwarranted sentencing disparities, and the need to provide restitution to the victims of the offence. *Id.*

/                                   **The Presentence Investigation Report**

On January 8, 2010,  the Probation officer filed a revised Presentence Investigation Report (PSR) which was revised in accordance with the Mandate of the Ninth Circuit Court of Appeals.  The Presentence report has been reviewed and discussed with the defendant.  The defendant has no objections to the report except as follows:

In paragraph 127 and 195, there is mention of defendant's affiliation with a gang.  That matter was discussed with the Court in the Sentencing Hearing which occurred on February 5, 2009.  At that hearing the Court ordered that the final PSR was to be altered to reflect that Mr. Spauer denies any affiliation with the East Piru Gang[1].  Suffice it to say that in neither paragraph 127 nor 195 has this alternation been made.   Due to the highly detrimental impact of a conclusion of gang membership or affiliation in the PSR, it is requested that the statement appearing in the PSR be amended as ordered by the Court.

In the second paragraph of Part A 5, several statements are made regarding disciplinary proceedings.  It should be noted that the first of those proceedings took place before the first sentencing.  Mr. Sprauer also reports he has no knowledge of ever declining drug education on November 5, 2009.  As reflected in the numerous programs he has participated in, it is his intent to participate in every available training opportunity.

### A Reasonable Sentence for Mr. Sprauer

This memorandum is to serve as an adjunct to the sentencing memorandum filed on behalf of Mr. Sprauer by prior defense counsel (Document 34 filed 10/10/2007 under seal) which is  incorporated herein by reference.  In that sentencing memorandum the defense detailed the reasons why Mr. Sprauer is deserves consideration and mitigation from the Court.  Those reasons need not be repeated here.  It is enough to note that those reasons remain valid and should be taken into account by the Court in fashioning a revised sentence for the defendant.

At the original sentencing hearing the defendant requested the opportunity to participate in therapy and training while incarcerated.  The Court applauded that attitude and encouraged Mr. Sprauer to seek out and seize every available opportunity afforded by the BOP.  Mr. Sprauer has taken that advice to heart and he reports that since his incarceration he has participated in and completed various courses that were made available.  He is continuing his studies to acquire his

---

[1] "THE COURT: You know, on that reference to the gang Miss Petrettie, it might be appropriate if we just add the sentence that the  -- what Mr. Sprauer said, that he denies any affiliation with the gang." (pg 14, line 8-11, Sent. Transcript hearing dated February 5, 2009)

1  GED and, as of this writing , has just one more test to complete his studies.  Thereafter, he

2  intends to continue his education with the goal of working towards and acquiring a college

3  degree.

4      Mr. Sprauer realizes that he has been given the opportunity to make a sea change in his

5  life.  He recognizes that his involvement with drugs was a mistake, and that the persons who

6  provided drugs were not his friends but instead were taking advantage of  him and using him for

7  their own purposes and profit.  He realizes that going forward he will have the opportunity to

8  excel and prove that he can be a contributing citizen of our Country.  He also knows that this is

9  possibly his last chance to "get with the program" and that any further interaction with the

10  policing authorities will probably result in the destruction of his dreams and lengthy

11  incarceration.

12

13      Mr. Sprauer is finally growing up.  He more self-control has a focus on the future.  A

14  future he knows only he can make bright and joyful.  He is committed to making that happen.

15  This growing maturity is reflected by the fact that even in jail he was given positions of

16  responsibility.  Be it working in the kitchen or as a unit orderly, persons in authority working

17  with him on a daily basis have recognized his hard work and reliability.

18

19      The revised PSR indicates that the corrected guideline range for Mr. Sprauer arising from

20  an offense level of 17 with a category VI criminal history is from 51 to 63 months of

21  incarceration.  Based on the unique circumstances of the defendant, his determined on-going

22  efforts to educate and improve himself and his apparent growth in maturity,  it is appropriate for

23  the Court in deference to the sentencing standards set forth in 18 USC Sec. 3553, to sentence the

24  defendant at no more than the low end of the sentencing guideline, that is,  51 months of

25  incarceration.  Such a sentence is not only factually justified but will represent the Court's

26  tangible recognition and encouragement of the progress being made by Mr. Sprauer.

27      Mr. Sprauer is subject to a term of supervised release of either 2 or 3 years.  It is his hope

28  that for whatever term the Court deems appropriate, he be provided with the support and

Defendant's Sentencing Memorandum        4

1    opportunity for further treatment and training.  He requests that the Court again recommend to

2    the Bureau of Prisons that he be considered for the 500 hour drug program.

3        Due to his continued financial embarrassment, any fine imposed would be inappropriate

4    and counterproductive.   Therefore, it is recommended that no fine be imposed.

5

6        Although advisory, Mr. Sprauer asks that the Court recommend that he be incarcerated as

7    close to Spokane as reasonably possible and that he be given full credit for all of the time he has

8    been in federal custody.

9            Dated:  March 23, 2010                    Respectfully Submitted,

10

11

12                                    Law Office of Jeffrey S. Niesen

13                                    s/Jeffrey S. Niesen for

14                                    Issac Shane Sprauer

15

16                            Certificate of Service

17

18    I hereby certify that on March 23, 2010, I electronically filed the foregoing with the Clerk of the

19    Court using the CM/ECF System which will send notification of such filing to the following:

20    AUSA  Ainuddin Anmed, Counsel for the United States of America.

21        s/Jeffrey S. Niesen (33850),

22        Law Office of Jeffrey S. Niesen

23        1411 W. Pinehill Rd.  Spokane WA,  99218

24        509-467-8306;  Fax: 509-467-9205

25         jsniesen1@yahoo.com

26

27

28

Defendant's Sentencing Memorandum          5