UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHIGNTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>ISAAC S. SPRAUER,<br><br>           Defendant. | No. CR-07-0024-WFN<br><br>ORDER ON DEFENDANT'S ORAL MOTION FOR RELEASE FROM CUSTODY ON DUE PROCESS GROUNDS |

      This matter came on for hearing on 1/2/2014. The Plaintiff was represented by AUSA Aine Ahmed. The Defendant was represented by the Federal Defender Andrea George. The Court found probable cause to believe that supervised release conditions have been violated by the Defendant. ECF 132. Following the probable cause hearing, Defendant orally moved for release pending a revocation hearing scheduled for January 16, 2014, on due process grounds, contending that he had been in "official detention" since his arrest on April 24, 2011. See 18 USC s. 3585 (b). Defendant did not seek release under CR 32.1(a)(6).

## **Background:**

      Defendant was placed on supervised release on 12/23/2010. He was arrested on state charges for investigation of First Degree Assault on April 24, 2011. A Petition and Warrant for his arrest was filed 4/28/2011 in this Court. ECF 121, 122, 128. Defendant remained in state custody, both in jail and for mental health evaluation and treatment, from April 24, 2011 until December 30, 2013 when he was placed in custody by the USMS. Defendant had his initial appearance on the Petition on 12/30/2013 and the government orally moved for his detention.

ORDER

**Analysis/ Discussion**

The Defendant's position is as follows:

Because Defendant's underlying offense is a Class C felony, the maximum term of imprisonment the district court may impose on a violation of supervised release is 24 months. 18 USC 3583(e). Pursuant to 18 USC 3585(b)(1), a defendant shall be given credit toward the service of a term of imprisonment for any time he spent in official detention as a result of the offense for which the sentence was imposed. Defendant has been in state custody on the now dismissed assault charges from April 24, 2011 through November 6, 2013. The state dismissed the First Degree Assault charges on November 6, 2013, when the Attorney General decided to commence civil commitment proceedings against Defendant. Defendant was civilly committed to Eastern State Hospital on or about November 6, 2013.

The U.S. Marshals picked Defendant up on the federal detainer at Eastern State Hospital after the Attorney General decided to either terminate commitment proceedings or decided to conditionally release Defendant into the community. It is unclear what the outcome of his treatment was at the hospital, but the Prosecuting Attorney for Chelan County, according to information from USPO, may decide to re-file First Degree Assault charges against the Defendant as soon as today (January 3, 2014).

While the Defendant may be correct about the anticipated maximum statutory disposition by the District Court at the revocation hearing, it is not as clear that the Defendant should receive credit for the time he has spent in state custody or at Eastern State hospital against whatever disposition the District Court makes at the revocation hearing.

ORDER

Case law is sparse.  At least one circuit has determined that the statute that permits the district court to revoke supervised release and require incarceration without credit for time previously served on post release supervision ensures that a defendant is not given credit for a term of supervised release when he violates the conditions of that same release. *U.S. v. Johnson*, 418 F.3d 879 CA 8 (MO) 2005. Also see *US v Lott*, 533 Fed Appx. 255 CA 4 (2013).

The Court finds that the Defendant should remain in custody pending his revocation hearing on January 16, 2014. At this point, Defendant has not been found to have violated any conditions of his supervised release and has yet to face sentencing. 18 USC s. 3583(e)(3) reserves to the District Court the option of revocation of the term of supervised release and requiring the defendant to serve in prison "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release **without credit for time previously served on postrelease supervision**..."

Though his tenure in state custody has been lengthy, it would be premature to release the Defendant on grounds of "due process".

Alternatively, Defendant has not presented a release plan or otherwise met his burden of showing by "clear and convincing evidence" that he is not a risk of nonappearance or danger to the community and should be held pending the revocation hearing scheduled for **January 16, 2014 at 10:30am in Spokane.** So **ORDERED** this 3rd day of January, 2014.

s/James P. Hutton
JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER